# Damon Y. Kilgore, Appt., *v.* Michael Hoffman, Trustee of David Hethery, Deceased.

Where the auditor appointed to audit the account of a trustee refuses, for lack of vouchers, to allow certain credits claimed, finds numerous evidences of mismanagement through lack of business qualifications on the part of the trustee, but not through dishonesty, and accordingly reduces the trustee's commissions to the amount due him upon the business properly

NOTE.—For the necessity of vouchers by an accountant, and the effect upon commissions of mismanagement, see note to Haviland's Appeal, 4 Sad. Rep. 491.

done, some of the exceptions to the account being dismissed and some sustained, it is not error to decree as to costs that they be divided between the estate and the accountant.

(Argued February 25, 1887.   Decided March 7, 1887.)

January Term, 1887, No. 84, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and CLARK, JJ.   Appeal from a final decree of the Common Pleas of Chester County confirming the report of an auditor appointed to examine and report his opinion upon exceptions filed to the account of a trustee.   Affirmed.

The facts as found by the auditor, William T. Barber, Esq., were as follows:

David Hethery, in his lifetime, was the owner of a farm situate in East Nantmeal township, Chester county, containing between 77 and 78 acres of land.

On the 10th day of September, 1868, he executed and delivered to Michael Hoffman a deed of trust for certain purposes, to wit: that said Hoffman should raise money and pay off Hethery's debts existing at that time; that he should manage, use, and let the said real estate, and receive the rents and profits of the same, and appropriate the said proceeds to payment of taxes and repairs, and for the support and maintenance of him, the said David Hethery, etc.

Michael Hoffman accepted the trust, and afterwards applied to the court of common pleas of Chester county, by petition, asking to mortgage the said real estate in order to raise money to pay off the indebtedness of David Hethery.   The court made a decree, allowing the trustee to borrow the sum of $1,500, and on the 2d of January, 1878, the trustee borrowed said sum on bond and mortgage, which were made a lien on the said real estate.   The $1,500, together with the rents, issues, and profits of the farm, were expended; and the trustee now alleges that he had contracted a large amount of debts, besides the above, in order to carry on the business under the trust.

David Hethery died on the 23d of March, 1885.   The trustee, Mr. Hoffman, filed an account of his trust on the 4th of August, 1885, showing a balance due to himself of $1,411.61.

To this account Damon Y. Kilgore filed several exceptions. The matters in controversy, among others, were that a large

number of items of credits in the trustee's account, amounting to nearly $800, were believed to be incorrect, and should be stricken from the same; that the compensation to accountant— $200—should not be allowed; that the account was erroneous in other respects, and especially that the trustee had not charged himself with all the moneys which came or should have come into his hands, and that the account required a general examination and correction.

The auditor was appointed to examine into the facts and circumstances, and report his opinion, etc., to the court. There were fifteen meetings of the audit; and the auditor says in his report "the large majority of which were made necessary in order to afford accountant full opportunity to vouch his disbursements, for which he had neglected to take receipts."

The trustee kept his accounts in a careless, confused, and unskilful manner, which rendered them difficult for him to explain, or for any person to understand. Many of the items in his account were so uncertain that he asked for delay in order to enable him to vouch the same; a large number were imperfectly vouched and many others he could not vouch at all, and they were stricken from the account by the auditor.

The auditor found that the trustee had claimed a credit in his account for $90 interest paid to Eber Anderson, which Mr. Anderson testified was paid by David Hethery himself, personally, and that he gave Hethery a receipt for the same, which was exhibited to the auditor.

The auditor further found that the trustee had taken credit in his account for $200 of interest due himself, when in fact there was only $100 due to him; that he had taken credit in his account for four several items of $50 each, which were not allowed by the auditor; and that he had taken credit in his account for forty-nine items aggregating the sum of $781.99, which were improper, and which he disallowed and struck from the account.

And the auditor, from these facts, restated the account of the trustee, allowed him commissions, and placed the whole of the expenses of the audit, amounting to $170.70, on the estate of David Hethery.

To the finding of the auditor exceptions were filed by both parties. Those filed by the executor of David Hethery had

reference, *inter alia,* to the allowance of commissions to accountant, and the placing of any part of the expenses of the audit on the estate.

The auditor thereupon filed a supplemental report substantially as follows:

The accountant, so far as appears in evidence, has in no way misbehaved himself, or abused the trust confided in him. His sins were those of omission, for which he has been fully punished in the loss of money, much of which the evidence shows to have been paid by him to and for the decedent, but for the payment of particular amounts of which no sufficient vouchers were produced. There is no good reason, therefore, for depriving the accountant of commissions. The auditor had in mind, as suitable compensation, the sum of $160, being an average of $20 per year, to which sum the auditor thinks the accountant was entitled, so long as the deed of trust remained unrevoked. From the year 1869 to the year 1877, the former auditor allowed him $25 per year for an administration of the trust conducted in precisely the same manner, to which allowance the decedent then made no objection.

With reference to expenses of audit, the auditor took into consideration that a large portion of the evidence related to exceptions filed by the executor as to rents, pasturage, depreciation of property, etc., which exceptions were not sustained, the exceptant, however, contending that upon a fair settlement there should be a small balance due the estate of the decedent. The auditor, therefore, comes to the conclusion that it would be proper to divide the costs equally between the estate and the accountant, making $85 to be paid by each party. The same result has been obtained by placing all the costs upon the estate, and reducing the commissions to $75.

The court, FUTHEY, P. J., dismissed the exceptions and confirmed the report.

The assignments of error specified, *inter alia,* the action of the court in dismissing the above exceptions.

*R. E. Monaghan* and *A. P. Reid,* for appellant.—The report of a master or an auditor is neither a decision nor an infallible guide, but an instrumentality, to aid the court in performing its own functions. Phillips's Appeal, 68 Pa. 138; Moyer's Appeal,

77 Pa. 486; Glendon Iron Co. v. Uhler, 75 Pa. 471, 15 Am. Rep. 599; Hindman's Appeal, 85 Pa. 470; Milligan's Appeal, 97 Pa. 531.

Compensation is allowed to a trustee for the performance of duty, as a reward for a faithful execution of the trust confided to him. Integrity, industry, intelligence, and enlightened activity in the trustee are the qualities which command reward. But if a trustee does wrong, he is entitled to no compensation. Wrongs resulting from neglect of duty, slothfulness, ignorance, and confusion of accounts are means by which compensation is forfeited. Wrongs of omission are as great as wrongs of commission; and neither are entitled to be rewarded.

If the trustee makes false charges against the estate, or seeks to profit out of the funds of his principal, or takes credit against the estate for moneys not due to him, it is such misconduct as always is followed by loss of commissions. An unfaithful trustee will not be allowed commissions. They are disallowed to trustees to deter men from committing breaches of trust—as a penalty for a known violation of duty. Re Swartswalter, 4 Watts, 77; Re Dyott, 2 Watts & S. 557; Stehman's Appeal, 5 Pa. 413; McCahan's Appeal, 7 Pa. 56; Holman's Appeal, 24 Pa. 174; Greenfield's Estate, 24 Pa. 232; Berryhill's Appeal, 35 Pa. 245; Robinett's Appeal, 36 Pa. 174; Snyder's Appeal, 54 Pa. 67; Lamb's Appeal, 58 Pa. 142; Hermstead's Appeal, 60 Pa. 429; Norris's Appeal, 71 Pa. 115; Welch's Appeal, 1 Pennyp. 9; Reeves's Appeal, 38 Phila. Leg. Int. 441.

A trustee who makes an unfounded claim against the estate will not be allowed commissions. Robinett's Appeal, 36 Pa. 174, and Welch's Appeal, 1 Pennyp. 9.

Commissions are disallowed where the trustee fails to keep proper accounts with the estate, or fails to satisfactorily vouch his account. Sauter's Estate, 6 W. N. C. 95; Norris's Appeal, 71 Pa. 115; Bradley's Estate, 32 Phila. Leg. Int. 257.

Where a trustee presents such an account as makes it necessary to refer the same to an auditor, and he should find against the trustee, he, and not those entitled to the estate, should be charged with the expenses of such reference. Sterrett's Appeal, 2 Penr. & W. 419; Martin's Appeal, 23 Pa. 433; Gable's Appeal, 36 Pa. 395; Norris's Appeal, 71 Pa. 106; Speakman's Appeal, 71 Pa. 30; McClintock's Appeal, 71 Pa. 365; Lamb's Appeal, 58 Pa. 142; Huy's Appeal, 84 Pa. 51; Reeves's Appeal, 38 Phila. Leg. Int. 441.

*Charles H. Pennypacker* and *James H. Bull,* for appellee.—
There is no such evidence here as could justify the action sought
by this exceptor in regard to the compensation of the trustee.
The auditor fully disposes of all reflections upon the conduct
of the trustee, and the trustee is entitled to all the commissions
allowed him. Williamson's Estate, 7 W. N. C. 82; Dunlap's
Estate, 9 W. N. C. 349; Bean's Estate, 1 Chester Co. Rep. 350;
Sourin's Estate, 11 Phila. 14; Wister's Appeal, 86 Pa. 160.

PER CURIAM:

The auditor found that the accountant had managed the es-
tate conscientiously and to the best of his ability; that while he
lacked business qualifications, yet his integrity and his inten-
tion to act for the best interests of his *cestui que trust* were un-
impeached. In view, however, of the fact that the estate had not
been well managed, he reduced the commissions of the account-
ant and imposed one half of the costs of the audit upon him.
The court confirmed the decision of the auditor.

We discover nothing inequitable in their conclusion, in con-
sidering the whole evidence in the case.

Decree affirmed and appeal dismissed, at the costs of the ap-
pellant.

